IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-0756-CV-W-GAF |
| | ) | |
| ROBERT ZAJIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is a Motion to Dismiss filed by Defendants, Robert Zajic ("Zajic"), et al. (collectively "Defendants"). Defendants move to dismiss *pro se* Plaintiff William C. Young's ("Young") amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)") and/or Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Young opposes this Motion, arguing that the United States Post Office is a corrupt organization that "freeload[s] on income taxes." (Doc. #27). Young further argues that the definition of the term "United States Post Office" is "unattainable," and that, in attempting to define this elusive term, this Court should consider the intent of our forefathers at the time they wrote the United States Constitution. Id. Finally, Young argues that the Defendants' attorney has improperly based his case on "legal philosophy" instead of "reality." Id. For the reasons set forth more completely below, Defendants' Motion to Dismiss is GRANTED IN PART.

## DISCUSSION

**I.     Facts**

Young is an employee of the United States Postal Service ("the Postal Service") who works as an expediter at the Kansas City, Missouri Processing and Distribution Center ("the Center"). (Doc. #25). Zajic is employed as the manager of the Center. Id. Defendants contend that, on March 19, 2004, Young struck and damaged an exit gate at the Center and that, on April 9, 2004, Young received a letter of warning from the Postal Service for failure to report the accident in a timely fashion. (Doc. #25, Exh. #1). Defendants claim that Zajic, on behalf of the Postal Service, asked Young to pay for damages to the exit gate and that Young referred the claim to an insurance adjuster with John Hancock Insurance Company, which paid the claim in the amount of $830.18. (Doc. #25).

On July 21, 2004, Young filed a Petition in the Small Claims Court of Jackson County, Missouri against Zajic, alleging that "Robert Zajic abused his powers as USPS manager violating Privacy Act and retrieving confidential data from computer then took info to falsify and fabricate accident report to negate original report of Plaintiff's in regards to accident of March 19, 2004. Defendant also filed fraudulent claim to Plaintiff's insurance company via U.S. Mail." (Doc. #1, Attach. #3). On August 26, 2004, Zajic removed the action to this Court. (Doc. #1).

On October 12, 2004, Young filed an amended complaint in which he made numerous claims for relief and sought to add numerous additional Defendants.[1] Young's current complaint alleges that Zajic violated Young's rights under the First Amendment to the United States Constitution by not permitting him

---

[1] Plaintiff sought to add Ormer Rogers, Jr. ("Rogers"), John David Smith ("Smith"), Rita Teffner ("Teffner"), Joseph Hornbeck ("Hornbeck"), Jack Potter ("Potter"), Clem Felche ("Felche"), as well as "ALL in plant support EAS [Executive Assignment Schedule] employees in the nation, ALL FMLA EAS employees in the nation, and ALL account representative employees in the nation" (collectively "the EAS employees").

to speak with OSHA investigators during an inspection and violated The Privacy Act of 1974, 5 U.S.C. § 552(a) ("the Privacy Act") by reviewing Postal Service files to discover that Young had an accident. (Doc. #6). Young also claims that Zajic filed a fraudulent claim with Young's insurance company. Id.

Zajic is the only named Defendant who has answered Young's amended complaint.[2] (Doc. #9). In addition to his claims against Zajic, Young's amended complaint alleges that Rogers, a Kansas City, Missouri District Manager, committed perjury in 1997 by covering up facts regarding nepotism in the Kansas City, Missouri district post office and told lies to newspapers and elected officials regarding Rogers' own misconduct. (Doc. #6). Young claims that Teffner, Hornbeck and Felche engaged in a conspiracy to mislead OSHA during an inspection on March 26, 2004. Id. Young also alleges that Smith has acted in violation of the Code of Ethics and lacks adequate knowledge about worker's compensation laws. Id. Young claims that the Postmaster General, Potter, has mismanaged the Postal Service. Id. Finally, Young claims that the EAS employees have all violated the Postal Service's Code of Ethics. Id. In bringing these claims, Young states that he is acting as a "WITNESS, for the PEOPLE who was doing his duty by reporting corruption[.]" (Doc. #27).

Defendants argue that Young is jurisdictionally barred from asserting his First Amendment claim against his supervisor, Zajic, which arises out of Young's employment relationship with the Postal Service. (Doc. #25). Defendants further argue that Young's Privacy Act claim against Zajic fails to state a claim because Zajic is a Postal Service supervisor entitled to access and use of Postal Service files. Id. Regarding

---

[2]The remaining Defendants have not been served with a summons or the amended complaint. None of the additional Defendants waived personal service.

3

Young's claims against the remaining Defendants, Defendants argue that Young lacks standing to raise issues regarding the management of the Postal Service or any alleged injuries suffered by anyone other than himself. Id. Defendants also argue that Young's complaint should be dismissed because, except for Zajic, none of the remaining Defendants have been personally served with a summons or the complaint.[3] Id.

Young argues that this Court should consider the intent of our forefathers at the time they wrote the United States Constitution in attempting to reach a definition of the term "United States Post Office," because, according to Young, the purpose of the Post Office is "to provide the PEOPLE with a service that was for the benefit of the PEOPLE.[4]" (Doc. #27). However, Young argues, the Postal Service has become "a competitor in business against the PEOPLE and [has] short changed the PEOPLE by freeloading on income taxes." Id. Finally, Young argues that Defendants' attorney has improperly based his arguments on the law, as opposed to "reality." Id. According to Young, Defendants' attorney's misguided philosophy is "IF SOMETHING IS NOT BROKE, DO NOT TRY TO FIX IT," whereas reality is, "IF SOMETHING IS BROKE, DO NOT TRY TO FIX IT; REPLACE IT." Id. Young requests $100,875.00 in damages for himself and "millions" for mail patrons. (Doc. #6).

## II. Legal Standards

*A. Rule 12(b)(1)*

Dismissal under Rule 12(b)(1) is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. *See* Trimble v. Asarco, Inc., 232 F.3d 946, 955 n. 9 (8th Cir.2000). In order

---

[3] The Court dismisses Young's claims against the remaining Defendants based on lack of standing. Therefore, the Court will not address Defendants' arguments regarding service of process.

[4] The Court notes that the proper definition of the term "United States Post Office" is not at issue in this case.

4

to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *See* Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir.1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Id. However, in a factual challenge, the court considers matters outside the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *See* Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir.1990).

Defendants in this case attack Young's complaint and not the truthfulness of its allegations. This Court therefore treats Defendants' Rule 12(b)(1) arguments regarding Young's First Amendment claim and Young's standing to sue as facial challenges. Accordingly, this Court will not consider any evidence outside the complaint and will treat all of the Young's well pled facts as true.

*B. Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss is the proper method to test the legal sufficiency of the complaint. Schuer v. Rhodes, 416 U.S. 232, 236 (1974). Rule 12(b)(6) provides that a cause of action may be dismissed for the failure to state a claim upon which relief may be granted. When considering a motion to dismiss, the court treats all well pled facts as true and grants all reasonable inferences therefrom in favor of the non-moving party. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). However, the court is not required to accept the pleader's own legal conclusions. Id. A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**III. Analysis**

*A. Young's First Amendment Claim*

5

Young alleges that Zajic violated his First Amendment rights by not permitting him to talk with OSHA during an inspection. (Doc. #6). Defendants argue that, as a federal employee, Young is barred under the Civil Service Reform Act of 1978 ("CRSA") from bringing his First Amendment claim in this Court. (Doc. #25). The CRSA is a "comprehensive statutory scheme which governs the administrative and judicial review of adverse personnel actions against federal employees." Jones v. Tennessee Valley Authority, 948 F.2d 258, 262 (6th Cir. 1983). Such adverse employment actions may include termination, suspension, or demotion. *See* Bush v. Lucas, 462 U.S. 367, 389-90 (Supreme Court refused to augment the CRSA by creating a new judicial remedy for federal employee who was demoted for exercising his First Amendment rights); *see also* Bradley v. United States Postal Service, 832 F.2d 1061, 1062 (8th Cir. 1987) (civil service laws are the sole remedy for federal employees challenging wrongful termination decisions), *and* Barrios v. Dept. of the Army, 884 F.2d 28, 31-32 (1st Cir. 1989) (CRSA preempted state law tort claims for defamation arising out of proceedings to remove plaintiff from his employment).

In the instant case, the Defendants have failed to explain which specific provisions of the CRSA, if any, provide a remedy for Young's claim that Zajic violated his First Amendment rights[5]. Though the CRSA provides for review of adverse personnel actions against federal employees, Young is not attempting to challenge an adverse personnel action. Indeed, Young has not alleged that any adverse personnel action occurred as a result of his request to speak with OSHA investigators. Young was not suspended, terminated, demoted, or disciplined. Young simply alleges that Zajic should have allowed Young to speak

---

[5]The Court will reconsider Defendants' Motion to Dismiss Young's First Amendment claim if Defendants address the specific administrative grievance procedures that apply to Young's claim.

6

with the OSHA investigators during their investigation. Because Young does not allege that any adverse employment action was taken against him, the cases cited by Defendants are inapposite. The Defendants have not directed the Court's attention to any specific section of the CRSA which provides a remedy for Young's First Amendment claim. Accordingly, Defendants' Motion to Dismiss Young's First Amendment claim for lack of subject matter jurisdiction under Rule 12(b)(1) is DENIED.

*B. Young's Privacy Act Claim*

Young claims that Zajic violated the Privacy Act by allegedly "extracting confidential information from plaintiff's file to discover that plaintiff had an accident." (Doc. #6). Defendants argue that, under Rule 12(b)(6), Young has failed to state a claim for which relief can be granted because Zajic had a need to review Young's accident report in the performance of his duties as manager of the Center, and therefore Zajic did not violate the Privacy Act.

The Privacy Act attempts to regulate the collection, maintenance, use and dissemination of personal information by federal executive branch agencies. 5 U.S.C. § 552(a) ("§ 552"). However, officers and employees of such agencies are directly authorized to review agency files by the exceptions set forth in § 552(a)(b)(1), which states that disclosures are permitted, "to those officers and employees of the agency which maintained the record who have a need for the record in the performance of their duties." *See* Bigelow v. Dept. of Defense, 217 F.3d 875, 876-78 (D.C. Cir. 2000) (review of plaintiff's personnel file by supervisor in connection with supervisor's "continuing duty to make sure that [plaintiff] was worthy of trust" fell within the need-to-know exception set forth in § 552(a)(b)(1)).

Young makes no allegations from which an inference can be drawn that Zajic's review of Young's accident report violated the Privacy Act. None of Young's allegations support the conclusion that Zajic is

7

not "an officer or employee of the agency which maintained the record." Young's allegations do not support the faintest inference that Zajic, as manager of the Center, reviewed Young's accident report for any purpose besides the performance of his duties as manager of the Center. Young alleges only that Zajic "extract[ed] confidential information from plaintiff's file to discover that plaintiff had an accident." (Doc. #6). Further, Young does not claim that Zajic ever improperly disclosed Young's confidential, personal information.[6] Young has alleged no facts which support the allegation that Zajic violated the Privacy Act when he reviewed Young's accident report. Accordingly, under Rule 12(b)(6), Defendants' Motion to Dismiss for failure to state a claim for violation of the Privacy Act is GRANTED.

*C. Standing*

Defendants argue that Young does not have standing to raise any issues regarding the management of the Postal Service or any alleged injuries suffered by someone other than Young himself. (Doc. #25). Young essentially agrees with the Defendants on this issue, asserting that he brings these claims as a "WITNESS, for the PEOPLE who was doing his duty by reporting corruption[.]" (Doc. #27).

Under Article III of the United States Constitution ("Article III"), federal courts lack subject matter jurisdiction to hear cases in which no actual, ongoing case or controversy exists. *See* Brown ex rel. Indigenous Inmates at N.D. State Prison v. Schuetzle, 368 F.Supp.2d 1009, 1016 (8th Cir. 2005) *citing* McCarthy v. Ozark School Dist., 359 F.3d 1029, 1035 (8th Cir. 2004). In order to constitute a justiciable "case or controversy" under Article III, a plaintiff must have standing to sue in federal court. *See* Lujan v.

---

[6]Young does not claim that Zajic improperly disclosed confidential information in Young's accident report to Young's insurance company. Instead, Young claims that Zajic created a false accident report to submit to Young's insurance company.

8

Defenders of Wildlife, 504 U.S. 555, 560 (1992). Standing contains three requirements. Id. First, Young must have suffered an "injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *See* Id. (internal quotations omitted). "Second, there must be a causal connection between the injury and the conduct complained of[.]" Id. "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. Young may not sue in his own right for alleged injuries to others. *See* Id. at 560-561.

Young fails to meet the injury in fact requirement of standing because he has not alleged any actual, particularized injury to himself. Young is attempting to sue Rogers for allegedly committing the crime of perjury in 1997 by covering up facts regarding nepotism in the Kansas City, Missouri district post office and allegedly telling lies to newspapers and elected officials regarding Rogers' misconduct. (Doc. #6). This claim does not allege any injury to Young himself. Young further claims that Teffner, Hornbeck and Felche engaged in a conspiracy to mislead OSHA during an inspection on March 26, 2004. Id. This claim does not allege any injury to Young. Young is attempting to sue Smith for allegedly acting in violation of the Code of Ethics and, in Young's opinion, lacking adequate knowledge about worker's compensation laws. Id. Again, Young has alleged no injury to himself. Young is attempting to sue the Postmaster General, Potter, for allegedly mismanaging the Postal Service in general. Id. This claim does not allege any injury to Young himself. Finally, Young claims that the EAS employees have violated the Postal Service's Code of Ethics. Id. Not surprisingly, this claim alleges no injury to Young himself.

Young's claims allege general mismanagement of the Postal Service, nepotism within its ranks, conspiracies, and ethics violations. However, none of these claims meet the standing requirement of injury

9

in fact because, although some of Young's claims allege injuries to others, none of his claims allege any injury whatsoever to Young himself. Accordingly, under Rule 12(b)(1), Defendants' Motion to Dismiss Young's claims against Rogers, Smith, Teffner, Hornbeck, Potter, Felche, and the EAS employees is GRANTED.

## CONCLUSION

Because Young does not allege any adverse personnel action occurred as a result of his request to speak with OSHA during its investigation, and because the Defendants have not directed the Court's attention to any specific section of the CRSA which provides a remedy for Young's First Amendment claim, Defendants' Motion to Dismiss Young's First Amendment claim for lack of subject matter jurisdiction under Rule 12(b)(1) is DENIED.

Under Rule 12(b)(6), Young has failed to state a claim against Zajic for violation of the Privacy Act because Young has made no allegations to support the inference that Zajic violated the Privacy Act by reviewing Young's accident report. Accordingly, Defendant's Rule 12(b)(6) to Dismiss Young's claim that Zajic violated the Privacy Act is GRANTED.

Finally, none of Young's claims against the remaining Defendants meet the standing requirement that the plaintiff suffer injury in fact. Although Young alleges possible injuries to others, none of his claims allege injury to himself. Consequently, Young does not have standing to sue the remaining Defendants and this Court lacks jurisdiction under Rule 12(b)(1). Therefore, Defendants' Motion to Dismiss all of Young's claims against Rogers, Smith, Teffner, Hornbeck, Potter, Felche, and the EAS employees is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: February 7, 2006